# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON HALLETT,**<br>　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**OFFICER JOHN DOE,**<br>　　　　**Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 16-5274** |

## MEMORANDUM OPINION

### I. BACKGROUND

On October 6, 2016, Plaintiff Jason Hallett filed a complaint against John Doe, an officer in the Philadelphia Police Department, alleging Fourth Amendment violations, intentional infliction of emotional distress, false imprisonment and battery. Then, on December 20, 2016, the Court sent Hallett a letter alerting him that no proof of service had been filed and advising him that the case would be dismissed if Defendant was not served by January 3, 2017, and if no proof of service was filed by January 8. No proof of service was filed by January 8. The Court subsequently dismissed the case without prejudice in January 2017 for failure to make service in accordance with Federal Rule of Civil Procedure 4(m), which requires a plaintiff to serve process on a defendant within 90 days of filing his complaint.

About a month after the dismissal, Hallett filed an affidavit of service stating that process had in fact been served on an individual at the Philadelphia Police Department in October 2016. Along with the affidavit, Hallett included a letter noting that he had previously failed to file the affidavit of service, though he did not explain why he had not complied with the deadlines detailed in the Court's December 20 letter. Then, in December 2017—about ten months after filing the already belated affidavit—Hallett sent a letter to the Court requesting that his case be

reactivated. However, Hallett did not formally move to reactivate his case until May 8, 2019. Though Hallett sent a letter requesting reactivation in December 2017, such requests must be made by motion. *See* F.R.C.P 7(b); *see also* Wendy Beetlestone, J., Policies and Procedures at 1. The Court granted Hallett's motion to reactivate on June 16, 2019. Hallett now moves for a default judgement against Officer John Doe.

## II. DISCUSSION

Hallett's motion for default underscores the broader issues with his case. First, Hallett's motion is procedurally problematic because he has not complied with Federal Rule of Civil Procedure 55.

> [T]he Third Circuit . . . has set forth a two-step process for attaining a default judgment [under Rule 55]. First, a party must successfully request the Clerk of Court to enter the other party's default. Second, after receiving the Clerk's entry of default, the party must submit a motion for default judgment to the court. Adherence to this procedural sequence is essential as courts have consistently held that the Clerk must first enter a default in order to proceed with a motion to grant default judgment.

*DiIorio v. SanCassiano, S.P.A.*, 2012 WL 4932037, at *2 (E.D. Pa. Oct. 17, 2012) (internal citations omitted); *see also Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (explaining that entry of default by the clerk "constitutes a general prerequisite" for entry of default by the Court). Hallett has not requested default from the Clerk, and no default has been entered. Therefore, he has not complied with Rule 55.

Second, Hallett's motion is substantively problematic because the record contains nothing to indicate Defendant has received notice of the suit against him. While Hallett served his complaint against an individual at the Philadelphia Police Department, the record does not show that Defendant himself is aware of the lawsuit. Hallett argues that

2

default should be entered against Defendant for a failure to "plead or otherwise defend," but a Defendant must be served before he can defend himself.

Furthermore, Hallett's failure to properly serve John Doe has jeopardized his underlying case. Federal Rule of Civil Procedure 4 governs service of process. Though Rule 4 contains no provisions pertaining specifically to the service of John Doe's, courts in this circuit have dismissed suits for failure to comply with Rule 4 where plaintiffs have not named a defendant following the filing of a John Doe complaint. For example, in *Bartow v. Cambridge Springs SCI*, the court dismissed plaintiff's suit against a John Doe for noncompliance with Federal Rule of Civil Procedure 4(e) where plaintiff "never specifically identified the names of the John Doe defendants." 2007 WL 543060, at *6 (W.D. Pa. Feb. 16, 2007), *aff'd*, 285 F. App'x 862 (3d Cir. 2008). Likewise, in *Manuel v. Adkins*, the court dismissed plaintiff's claim against a John Doe where no attempt was made to substitute an individual for the John Doe. *Manuel v. Atkins*, 948 F. Supp.2d 401, 405 (D. Del.), *aff'd*, 545 F. App'x 91 (3d Cir. 2013).

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." A court may dismiss an action for failure to prosecute *sua sponte*, or on its own motion. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Such a dismissal operates "as a dismissal on the merits"—meaning that such a dismissal is with prejudice—unless the Court otherwise specifies. *See* F.R.C.P. 41(b). "A federal trial court is empowered to dismiss such actions because it must be able to effectively rid its docket of such cases that interfere with the ability of diligent litigants to obtain prompt judicial resolution of their disputes." *Milligan v. Davidson*, 1996 WL 680134, at *7 (E.D. Pa. Nov. 19, 1996). Though "the Third Circuit Court of Appeals [has] emphasized its strong policy favoring decisions on the merits and cautioned that dismissal

with prejudice is an 'extreme sanction' and 'a sanction of last, not first, resort,' it 'has not hesitated to affirm . . . district court[s'] . . . dismissals in appropriate cases.'" *Id.* (internal quotations omitted).

In determining whether to dismiss an action either with or without prejudice, a court may consider the six factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). If dismissal is to be with prejudice, the court must engage in a balancing of these factors. *See, e.g.*, *Herrman v. Allstate Ins. Co.*, 450 F. Supp.2d 537, 542 (E.D. Pa. 2006). "None of the *Poulis* factors is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

The first factor assesses a "party's personal responsibility," as opposed to his attorney's responsibility. Because Hallett is represented by counsel, and because there is no evidence Hallett has undermined his counsel's ability to pursue his case, the factor weighs against dismissal.

The second factor, "prejudice to the adversary," may be met where litigation has stalled. That is because, with the passage of time, "[m]emories fade, witnesses move, and evidence is lost, all of which inhibits the ability of Defendants to make their case." *Bransford v. Cty. of Chester*, 2016 WL 4011328, at *2 (E.D. Pa. July 27, 2016). Three years have passed since the initiation of this lawsuit and five years have passed since the events underlying this suit occurred.

4

This factor weighs in favor of dismissal.

The third factor, the "history of dilatoriness," also weighs in favor of dismissal. This Court previously dismissed this action for Hallett's failure to timely serve process on Defendant. Then, after Hallett finally filed his affidavit of service in February 2017, he waited over a year—until May 2019—to move the Court to reopen his case. And, even after the Court reopened his case, the record does not reflect any meaningful steps to move this case forward. For example, Hallett has not made any motions or requests in connection with discovering Defendant's identity. Hallett's only step since the Court reopened his case has been to file an improper motion for default judgment.

The fourth factor, "willfulness" or "bad faith," also weighs against Hallett. While there is no direct evidence of bad faith, Hallett was advised of the relevant deadlines and procedures and seemingly chose not to comply. *See In re Alloui*, 2019 WL 5061086, at *2 (E.D. Pa. Oct. 8, 2019) (interpreting failure plaintiff's to obey court orders as "willful" where the court's expectations were made clear).

The fifth factor—the "effectiveness of sanctions other than dismissal"—also weighs in favor of dismissal. Courts have typically considered the imposition of costs or attorney's fees as alternatives to dismissal. For example, "[w]here an attorney has caused the delay and noncompliance in the proceedings . . . the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008). Here, however, Defendant has incurred no expenses in connection with this case, and the Court finds that fining counsel would likely be ineffective considering his repeated failure to comply with the Federal Rules of Civil Procedure and the Court's directions.

Finally, as to the sixth factor—"the meritoriousness of the claim"—"[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. Here, Hallett alleges that Officer John Doe unlawfully assaulted him. Hallett has made a facially valid constitutional claim, so this factor weighs in his favor. However, no single factor is dispositive.

Considering all six *Poulis* factors, the Court finds that dismissal of this action with prejudice is justified. Plaintiff's motion for default judgment shall be denied as moot. An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**